UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL GILBERT KALKHOFF,

    Plaintiff,

v.

                  Case No. 22-cv-578-pp

EQUAL RIGHTS DIVISION,

    Defendant.

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING PLAINTIFF'S MOTIONS UNDER RULES 60(B), 11(B)(1) AND 8(C) (DKT. NO. 4), CONSTRUING LETTER AS MOTION FOR RELIEF UNDER RULE 55(D) AND DENYING MOTION (DKT. NO. 5) AND DISMISSING CASE WITH PREJUDICE**

---

This is the third case that plaintiff Michael Gilbert Kalkhoff, who is representing himself, has filed in less than a year, and his second against the Wisconsin Department of Workforce Development's Equal Rights Division. <u>Kalkhoff v. Panera Bread Co., et al.</u>, Case No. 21-cv-1153 (E.D. Wis.); <u>Kalkhoff v. United States of America</u>, Case No. 22-cv-577 (E.D. Wis.). Kalkhoff also has filed two cases in Milwaukee County Circuit Court, one against his landlord (<u>Michael Kalkhoff v. JMC Properties</u>, Case No. 2022CV05047) and one against the Equal Rights Division (<u>Kalkhoff v. Department of Workforce Development Equal Rights Division</u>, Case No. 2022CV05427)—both of which are mentioned in this case. The Milwaukee County Circuit Court case against the Equal

1

Rights Division appears to be an administrative agency review with a hearing scheduled for November 7, 2022. Available at https://wcca.wicourts.gov/.

In the just over two months that followed the filing of the complaint in this federal case, the plaintiff also filed a motion to proceed without prepaying the filing fee, dkt. no. 2, a motion citing miscellaneous rules, dkt. no. 4, and two letters with exhibits, dkt. nos. 5, 6.

**I.     Screening**

Whenever a plaintiff asks the court to allow him to proceed without prepaying the filing fee, the court must "screen" the complaint, and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). For a complaint to state a claim under the federal notice pleading system, it must contain a "short and plain statement of the claim" showing that the plaintiff is entitled to relief. Federal Rule of Civil Procedure 8(2)(a). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendant fair notice of the claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. A document filed by a person who is representing himself must be "liberally construed," and a complaint filed by someone representing himself, "'however inartfully pleaded, must be held to less stringent standards than

2

formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The complaint in this case alleges that on or about August 30, 2020, the plaintiff was evicted from his "sixteen-year" apartment at 7416 Harwood Avenue, #305, Wauwatosa, Wisconsin. Dkt. No. 1 at 2. It says that JMC Properties, Jeffery Cockerham and Teresa Hayes are the "respondents," and that JMC Properties is located at 7430 Harwood Avenue, Suite 100 in Wauwatosa, Wisconsin. Id. at 2-3. The complaint goes on to say that in an October 20, 2020 letter from the Department of Workforce Development "by and through the Equal Rights Division," the plaintiff "was issued a 'no probable cause'"; the complaint indicates that the letter said, "the complaint is therefore dismissed." Dkt. No. 1 at 2.

Paragraph three of the complaint appears to be the plaintiff's claim:

The plaintiff would like to ask the court why a finding of "no probable cause" and a "dismissal" was issued by the E.R.D. during a governor's order and a presidential moratorium banning all evictions during Covid-19. Thoughts? I'm referring to Governor Evers and Former President Donald Trump. Motion for Federal Rules of Civil Procedure 60(b) in the above referenced complaint.

Id. at 3. In the section titled "Relief Wanted," the plaintiff wrote:

Under Federal Rules of Civil Procedure Rule 60(b) the plaintiff in this important matter wishes to have a more definite ruling from this court either confirming or denying emergency order #15 and the Cares Act of March 27, 2020 section 4024. Moreover, adjudication of the constitutionality of congressional enactments by administrative agencies is deserving a second look in the plaintiffs opinion. It is thought to be highly illegal by the plaintiff. Motion F.R.C.P. 60(b) in the above matter.

Id. at 4.

The court assumes that the plaintiff filed a civil rights complaint with the Wisconsin Department of Workforce Development's Equal Rights Division regarding his eviction. Wisconsin's Open Housing Law, Wis. Stat. §106.50, makes it unlawful to discriminate in housing. The Department of Workforce Development's Equal Rights Division "is vested with statutory authority to investigate alleged violations of Wisconsin's Open Housing Law . . . ." Jones v. Baecker, 373 Wis. 2d 235, 252 (Wis. Ct. App. 2016). If the ERD determines that there is no probable cause to believe that discrimination occurred, it may dismiss the allegations. Wis. Stat. §106.50(6)(c)(4). At that point, the ERD must notify the parties of the complainant's right to appeal the dismissal of the claim to the secretary of the Department of Workforce Development for a hearing on the issue by the hearing examiner. Id. If the hearing examiner determines that no probable cause exists, that determination is the final determination of the department and may be appealed to the circuit court for the county in which the alleged discrimination took place by the filing of the petition for review. Wis. Stat. §106.50(6)(j).

It appears that the ERD dismissed the plaintiff's civil rights complaint, finding that there was no probable cause to believe discrimination occurred. If the plaintiff wanted to appeal the dismissal, then within thirty days of his receipt of the ERD's "no probable cause" dismissal, he needed to appeal to the circuit court for the county in which the alleged discrimination took place (because he lived in Wauwatosa, that would have been Milwaukee County). As the court already has noted, the plaintiff has two cases pending in Milwaukee

4

County Circuit Court: one against the Equal Rights Division and one against his landlord. He filed the suit against the ERD on August 25, 2022—one year and ten months after the date on the letter he received from ERD dismissing his complaint.

Federal courts are courts of limited jurisdiction. They have the authority to consider and decide lawsuits between citizens of different states if the amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. §1332. They also have the authority to consider and decide cases that involve violations of federal laws or the federal Constitution—this is called "federal question" jurisdiction. 28 U.S.C. §1331. Federal courts do not have the authority to consider and decide lawsuits alleging violations of *state* law unless the plaintiff lives in a different state from every defendant (and the amount of claimed damages exceeds $75,000), or unless the state-law claims relate to a federal claim.

Even if a federal court has diversity or federal question jurisdiction over the subject matter of the dispute, the Constitution gives federal courts judicial power over "cases" and "controversies." Article III, Section 2. "Article III's 'case or controversy' requirement prohibits federal courts from issuing advisory opinions that do not affect the rights of the parties before the court." Matlin v. Spin Master Corp., 979 F.3d 1177, 1181 (7th Cir. 2020) (citing Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). In determining whether there is an actual controversy to decide, a court must as "whether there is a substantial controversy, between parties having adverse legal interests, of sufficient

5

immediacy and reality to warrant the issuance" of a judgment. Wis. Envtl. Decade, Inc. v. State Bar of Wis., 747 F.2d 407, 411 (7th Cir. 1984) (citations omitted).

This federal court does not have the authority to grant the relief the plaintiff is requesting. First, the plaintiff has not identified a basis for the exercise of federal question jurisdiction. He has not identified a federal law or provision of the Constitution that he believes the Equal Rights Division has violated. He mentions the CARES Act and a moratorium on evictions. Section 4024 of the CARES Act imposed a moratorium on evictions from certain kinds of properties for the 120-day period from March 24, 2020 through July 24, 2020. https://www.congress.gov/116/bills/hr748/BILLS-116hr748enr.pdf. Congress did not renew that moratorium, Ala. Ass'n of Realtors v. Dep't of Health and Human Servs., ___ U.S. ___, 141 S. Ct. 2485, 2486 (2021), and it appears that the plaintiff was evicted over a month after the moratorium expired. Further, some courts have determined that individuals do not have a private right of action under the CARES Act. See, *e.g.*, Turner v. Hamilton County Trustee Association, No. 1:22-cv-00275-TWP-DML, 2022 WL 1606289, at *4 (S.D. Ind. May 20, 2022).

Although he does not say so, the plaintiff may be trying to sue the Equal Rights Division under 42 U.S.C. §1983, the federal civil rights statute that allows a plaintiff to sue a "person" who has violated his civil rights while acting under color of state law. But the Equal Rights Division is not a "person;" it is an agency of the state and the state cannot be sued without the legislature's

6

explicit consent. Lister v. Bd. of Regents of Univ. of Wis. Sys., 72 Wis. 2d 282, 291, 240 N.W.2d 610 (1976); Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989).

Nor has the plaintiff stated facts that would support the court exercising its diversity jurisdiction. The plaintiff is a Wisconsin resident. Dkt. No. 1 at 5. The Equal Rights Division is a Wisconsin agency. Even if the ERD was subject to suit, the plaintiff cannot show diversity, because both he and the ERD are "citizens" of the same state.

Second, the plaintiff appears to be asking this federal court for an advisory opinion. He asks for the court's "thoughts," asks it to take a "second look at the constitutionality of enactments by administrative agencies" and asks the court to "confirm or deny" that certain orders issued by the Wisconsin governor or provisions of the CARES Act are in effect. These are exactly the kinds of advisory rulings that federal courts are prohibited from issuing under Article III's "case or controversy" requirement. The plaintiff has not identified a case or controversy for the court to resolve. He is not asking the court to overturn or reverse the ERD's "no probable cause" finding. He is not asking the court to require his landlord to allow him to move back in. He is asking for the court's views on whether his reading of the law is correct. A federal court has no authority to issue such a ruling.

Third, the plaintiff references Fed. R. Civ. P. 60(b), which allows a party to move for relief from a final judgment, order or proceeding. Dkt. No. 1 at 3. This court has not issued a judgment or order in this case (final or otherwise),

7

Case 2:22-cv-00578-PP    Filed 11/04/22    Page 7 of 12    Document 7

so there is no final judgment or order from which the court may grant the plaintiff relief.

Like the plaintiff's prior complaints, this complaint does not state a claim upon which a federal court may grant relief. The Seventh Circuit has held that when a court dismisses a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), it normally should give the plaintiff at least one opportunity to amend before dismissing the case. <u>Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. And Nw. Ind</u>., 786 F.3d 510, 519 (7th Cir. 2015) (citations omitted). But "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants or where the amendment would be futile." <u>Arreola v. Godinez</u>, 546 F.3d 788, 796 (7th Cir. 2008) (citations omitted). The court concludes that it would be futile to allow the plaintiff to file an amended complaint, because he already is challenging the ERD's determination in the Milwaukee County Circuit Court and cannot simultaneously challenge that decision in federal court.

## II. Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

Because the court is dismissing the case for failure to state a claim, the court concludes that the plaintiff's motion to proceed without prepaying the filing fee is moot.

## III. Miscellaneous Motions (Dkt No. 4)

On June 7, 2022, the court received from the plaintiff a document saying that he sought to "make several motions in order to preserve his rights." Dkt.

8

No. 4 at 1. The document cites Fed. R. Civ. P. 60(b), 11(b)(1) and 8(c), eleven federal statutes (without explaining how they relate to him or this case), and two Supreme Court cases (again with no explanation about how they relate to him or his case). Id. at 1-2. Under a section titled, "Relief," the document reads as follows:

> Plaintiff accepts to exercise his First, Fourth, and Fifth Amendments Right to in-person hearing in Room 222
> Motion for Certiorari
> Motion for Injunction and Restraining Order Against Administrative Agency
> Monetary relief for whatever this court deems necessary and just if found lawless.

Id. at 2.

The plaintiff filed an identical motion in Case No. 22-cv-577 (at Dkt. No. 4), which the court denied on July 12, 2022 (at Dkt. No. 5). The plaintiff has not stated a claim under the First, Fourth or Fifth Amendments. The plaintiff is not entitled to an in-person hearing. The court has no authority to grant *certiorari*. The plaintiff has not met the requirements for injunctive relief. See, e.g., Roland Machinery Co. v. Dresser Indus., Inc., 749 F.2d 380, 382-83 (7th Cir. 1984). Nor has he stated a claim for monetary relief. The court will deny these motions.

**IV. Letters**

On June 29, 2022, and July 27, 2022, the court received from the plaintiff two letters. Dkt. Nos. 5, 6. The first letter explains that the plaintiff emailed Administrative Judge Selsor of the ERD asking for agency rules and procedures. Id. at 1. He indicates that Judge Selsor told him she had no

9

familiarity with the codes he had mentioned. Id. He asks, "why, then, if you may ask, would Judge Selsor *choose* to derail a litigant? Thoughts?" Id. He then states that he wishes to put this federal court on notice that federal courts have jurisdiction over federal questions, which he says, "authorizes the Plaintiffs repugnant answers form the state agency." Id. He says that Judge Selsor's responses to him constitute a legal wrong and that "legal consequences must flow." Id. at 2. He indicates that he "motions the court under Fed. R. Civ. P. 55(d)," and says that because an administrative law judge has no power to "issue a 'dismissal' and 'no probable cause' the Plaintiff in this case seeks to void *ab initio*." Id.

The plaintiff attached to this letter the email in which he asked Judge Selsor to make available "5 U.S.C. Code 552 2(c) administrative staff manuals that affect members of the public." Dkt. No. 5-1 at 1. Judge Selsor replied that she had no familiarity with the code he named, but directed him to a link to the statutes and administrative rules that guide the ERD process. Id. at 2. She also explained that he could make an open records request. Id. In a follow-up email to the plaintiff, Judge Selsor explained that the ERD is not a federal agency. Id. at 3.

The second letter says that the plaintiff "file dual" because is not sure of the appropriate court, and asks whether that is "okay." Dkt. No. 6. At 1. He cites this case, and identifies the state case as "CR202001786."[1] Id. He

---

[1] The publicly-available state docket does not reflect a 2020 case involving the plaintiff with this case number.

10

Case 2:22-cv-00578-PP   Filed 11/04/22   Page 10 of 12   Document 7

attached a separate letter addressed to the Milwaukee County Courthouse regarding an appeal under Wis. Stat. §106.50(6m) and (6j). Dkt. No. 6-1 at 1. That letter reads like a complaint; it includes the facts surrounding his eviction beginning with a move-out notice on July 14, 2019. Id. at 5. It says that the plaintiff received a lease termination on December 3, 2019. Id. It recounts that the third lease termination allegedly arrived during pandemic and moratorium on evictions. Id. According to the plaintiff, on July 30, 2020, he had had enough "verbal harassment from the tenant across the hallway" and vacated the premises. Id. The plaintiff says that prior to that, he had lived at the address for sixteen years. He accuses JMC Properties of acting "with malice and indignation through a self help eviction **ATCP 134.09(7)** on motion." Id. at 6.

If a party wants a federal judge to take action, the party must file a motion. Neither letter is a motion. The plaintiff appears to have tried to style the first letter as a motion under Fed. R. Civ. P. 55(d). That rule allows a court to enter a default judgment "against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief that satisfies the court." The plaintiff has not filed a lawsuit against the United States, its officers, or its agencies, so there is no basis for the court to grant that motion (if it is, in fact, a motion). The second letter appears to ask the court's advice as to whether it is "okay" for him to sue the ERD in state and federal court at the same time. The court already has answered this question in the context of

11

ruling that the complaint does not state a claim upon which a federal court may grant relief.

IV. **Conclusion**

The court **ORDERS** that the plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 8(a) and 12(b)(6). Dkt. No. 1

The court **DENIES AS MOOT** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiff's miscellaneous motions. Dkt. No. 4.

To the extent that it is a motion, the court **DENIES** the plaintiff's motion for relief under Fed. R. Civ. P. 55(d). Dkt. No. 5.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 4th day of November, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**